# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                                                   No. CR 13-1551 JB

DAISY ALANIZ,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on a competency hearing.  The Court held an evidentiary hearing on March 20, 2014.  The primary issues are: (i) whether Defendant Daisy Alaniz now has a rational as well as a factual understanding of the charges against her; and (ii) whether Alaniz now has sufficient present ability to consult with her lawyer with a reasonable degree of rational understanding.  For the reasons stated on the record, and for further reasons stated herein, the Court finds that: (i) Alaniz now has a rational as well as a factual understanding of the charges against her; and (ii) Alaniz now has sufficient present ability to consult with her lawyer with a reasonable degree of rational understanding.

## PROCEDURAL BACKGROUND

A grand jury indicted Alaniz on May 7, 2013, under 18 U.S.C. §§ 2113(a), for bank robbery, and 18 U.S.C. § 2, for aiding and abetting:

> On or about April 20, 2013, in Bernalillo County, in the District of New Mexico, the defendants, **DAISY ALANIZ and ANTHONY PALONI**, by force, violence, and intimidation did take from the person and presence of another a sum of money belonging to and in the care, custody, control, management and possession of Bank of the West, located at 1422 Carlisle Blvd., NE, Albuquerque, New Mexico, the deposits of which were then insured by the Federal Deposit Insurance Corporation.

Indictment at 1, filed May 7, 2013 (Doc. 16).

On June 18, 2013, Alaniz moved the Court to "order a local psychiatric or psychological examination," and to hold a competency hearing to determine whether she was "competent to proceed in this matter."  Motion to Determine Mental Competency of Defendant, filed June 18, 2013 (Doc. 31)("Motion").  Her counsel, Stephen P. McCue, asserted that "[r]easonable cause exists to believe that Ms. Alaniz presently is suffering from a mental disease or defect rendering her mentally incompetent to the extent that she is unable to understand the nature and consequences of the proceedings against her or to assist properly in her defense" after she "suffered a serious head injury several years ago."  Motion ¶ 1, at 1.  She explained that she "was in a coma for a period of months and was hospitalized for almost a year," receives "Social Security Disability pension as a result of this injury," and takes "several psychotropic medications including Dilantin, Trazodone, and Risperdal to ameliorate the lingering mental effects of the injuries."  Motion ¶ 1, at 1.  Further, she "appears to have difficulty grasping and retaining fundamental concepts regarding her case," "has great difficulty remembering, among other things, the status of her case, the potential and likely penalties, and the applicable federal sentencing guidelines."  Motion ¶ 1, at 1-2.  She requested a psychiatric or psychological examination and a competency hearing.  See Motion ¶¶ 3-4, at 2.  On June 25, 2013, the Court granted the Motion.  See Order for Evaluation of Mental Competency, filed June 25, 2013 (Doc. 33).

Clinical and Forensic Psychologist Susan Cave evaluated Alaniz on July 8, 2013, and concluded that Alaniz was "currently not competent to proceed with the matter before the Court."   Forensic Evaluation Report at 8, dated July 19, 2013, filed July 25, 2013 (Doc. 45)("Dr. Cave Evaluation").  Dr. Cave explained that Alaniz' "cognitive impairments are

the primary obstacle," that "[h]er brain dysfunction ranks her as moderately impaired across . . . all cognitive spheres, with memory being impaired at the severe . . . level," and that her condition "prevents her from comprehending her rights, how court procedures work, and recollecting the information given by her attorney."  Dr. Cave Evaluation at 8.  Further, Dr. Cave reported that Alaniz suffered from "periodic psychotic symptoms where she is hallucinating and out of touch with reality," and that she has "radical mood swings that may be linked to the early history of abuse but have been exacerbated by the head injury."  Dr. Cave Evaluation at 8.

After a competency hearing on August 12, 2013, the Court found, "by a preponderance of the evidence, that Ms. Alaniz presently is suffering from a mental disease or defect rendering her mentally incompetent to the extent that she is unable to understand the nature and consequences of the proceedings against her or to assist properly in her defense."  Order Committing Defendant for Competency Evaluation and Treatment at 1, filed August 12, 2013 (Doc. 49)("Order").  The Court committed Alaniz "to the custody of the Attorney General for hospitalization and treatment in a suitable facility" for a "reasonable period of time not to exceed four months from her arrival at the designated BOP facility."  Order at 2.  The Court further ordered the Bureau of Prisons to, at the end of the evaluation and treatment period, file with the Court a competency report regarding Alaniz.  See Order at 2.

On January 29, 2014, Jody R. Upton, Warden at the Federal Medical Center, Carswell, informed the Court that "Alaniz has been evaluated at FMC Carswell," and, "[i]n the opinion of our clinical staff, Ms. Alaniz currently does not display symptoms of mental illness which render her unable to understand the nature and consequences of the proceedings against her or to assist property in her own defense."  Letter from Jody R. Upton to the Court, dated January 29, 2014, filed February 11, 2014 (Doc. 64 at 2)("Carswell Letter").  In the report attached to the Carswell

Letter, Christine Anthony, Ph.D., Forensic Psychologist, and Brittany Hall, M.A., Predoctoral Psychology Intern, concluded that "Ms. Alaniz is presently competent to stand trial.  She demonstrated the ability to have a factual and rational understanding of her charges and the legal system, and she appeared able to assist her attorney with a reasonable degree of rational understanding."  Forensic Evaluation at 11, dated January 23, 2014, filed February 11, 2014 (Doc. 64 at 4)("Carswell Evaluation").

The Court held a competency hearing on March 20, 2014.  See Transcript of Hearing, taken March 20, 2014 ("Tr.").[1]  The United States asserted that "both parties are willing to stipulate to the report and ask the Court to find Ms. Alaniz competent."  Tr. at 2:6-9 (Barth). Mr. McCue said that he agreed with the Carswell Evaluation's conclusion that Alaniz is competent, but explained that he would like Alaniz to testify to address an aspect of the Carswell Evaluation that says that she was malingering.  See Tr. at 2:14-20 (McCue).  Alaniz testified about her background, including where she grew up, where she has lived, and her work history; injuries she has sustained, including the stabbing incident that led to her coma, as well as how her step-father and uncle sexually abused her when she was young; her experience at FMC Carswell, including a fight that she had with another person, medications she was taking, and the competency evaluation; and details about this case, including the charges against her and the role of her attorney, the prosecutor, and the judge.  See Tr. at 3:2-16:20 (Alaniz, Court, McCue). Mr. McCue asserted that "the report is accurate that Ms. Alaniz has a full scale IQ of around . . . 70" and that he "just honestly" did not "see the malingering" that the Carswell Evaluation mentioned.  Tr. at 16:4-7 (McCue).  In his view,

---

[1]The Court's citations to the transcript of the hearing refer to the court reporter's original, unedited version.  Any final transcript may contain slightly different page and/or line numbers.

I'm not sure she has the wherewithal to concoct an array of symptoms or anything like that.  And in my experience with her, she's been kind of disarmingly honest about her life.  She's had a lot of trauma, physical trauma, sexual trauma, emotional trauma.  I do believe she's competent at this time and I ask the Court to find her competent and I believe we're close[] to working out a plea agreement and I would like the Court to know that I think the part in the malingering in the report is inaccurate.

Tr. at 16:7-17 (McCue).  He continued that, although it is "hard to get her to stay on-track," and it is "hard for her to remember the details of things," she understands "the gist of it" and he is "more than willing" to give her extra time "to make sure she understand[s] everything" in this case.  Tr. at 17:15-23 (McCue).

The Court said that it reviewed the Carswell Evaluation and that it is not "necessary for me to make any finding on the malingering to find that I believe that Ms. Alaniz is competent to stand trial."  Tr. at 18:2-10 (Court).  The Court said that, after listening to Alaniz testify, reviewing the Cave Evaluation and Carswell Evaluation, and "listening to the concessions of counsel and arguments of counsel," it found that Alaniz is competent to stand trial.  Tr. at 18:15-18 (Court).  The Court explained that the Carswell Evaluation "found and I agree as well that she understand[s] the charges against her, and has both factual and rational basis for understanding those charges and that she also has the present ability to consult with her attorney, Mr. McCue[,] with a reasonable degree of rational understanding and assist in her defen[se]."  Tr. at 18:18-25 (Court).

## LAW REGARDING A DEFENDANT'S COMPETENCY FOR TRIAL

"[T]he criminal trial of an incompetent defendant violates due process."  Cooper v. Oklahoma, 517 U.S. 348, 354 (1996)(quoting Medina v. California, 505 U.S. 437, 453 (1992)(plurality)).  See Redden v. Calbone, 223 F. App'x 825, 830 (10th Cir.

2007)(unpublished)[2]("It is well-settled that the criminal trial of an incompetent defendant violates due process."). "This 'prohibition is fundamental to an adversary system of justice.'" McGregor v. Gibson, 248 F.3d 946, 951 (10th Cir. 2001)(quoting Drope v. Missouri, 420 U.S. 162, 172 (1975)). The Supreme Court of the United States has thus observed that "[t]he Federal Government and all 50 States have adopted procedures that address the issue of a defendant's competence to stand trial." Medina v. California, 505 U.S. at 447 (plurality)(citing 18 U.S.C. § 4241). Under 18 U.S.C. § 4241, a defendant or the government may file a motion for a competency hearing at any time after the beginning of prosecutorial proceedings, but before sentencing. See 18 U.S.C. § 4241(a). Once such a motion has been filed, the court "shall" grant the motion

> if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

18 U.S.C. § 4241(a) (emphasis added). To assist the Court at the hearing, the Court may order that a psychiatric or psychological evaluation of the defendant be conducted and that a report be filed with the court before the hearing. See 18 U.S.C. § 4241(b). The Tenth Circuit has

---

[2]Redden v. Calbone is an unpublished opinion, but the Court can rely on an unpublished opinion to the extent its reasoned analysis is persuasive in the case before it. See 10th Cir. R. 32.1(A) ("Unpublished decisions are not precedential, but may be cited for their persuasive value."). The Tenth Circuit has stated:

> In this circuit, unpublished orders are not binding precedent, . . . and we have generally determined that citation to unpublished opinions is not favored. However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005)(citations omitted). The Court finds that Redden v. Calbone has persuasive value with respect to material issues, and will assist the Court in its disposition of this Memorandum Opinion and Order.

discussed that the level of competency to stand trial is not great, and that the court must analyze "'whether [the defendant] has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding -- and whether he has a rational as well as factual understanding of the proceedings against him.'"  McGregor v. Gibson, 248 F.3d at 952 (quoting Dusky v. United States, 362 U.S. 402, 402 (1960)(per curiam)).

 "In a competency hearing, the 'emphasis is on [the defendant's] capacity to consult with counsel and to comprehend the proceedings.'"  Medina v. California, 505 U.S. at 448 (plurality) (quoting Pate v. Robinson, 383 U.S. 375, 388 (1966)(Harlan, J., dissenting)).  If the court finds the defendant incompetent to stand trial, "the court must order the defendant hospitalized for a reasonable period of time . . . for the purpose of determining whether there is a 'substantial probability' that the defendant will become competent in the foreseeable future."  United States v. Deters, 143 F.3d 577, 580 (10th Cir. 1998).  To prove incompetency to stand trial, the defendant must prove incompetency by a preponderance of the evidence.  See Allen v. Mullin, 368 F.3d 1220, 1239 (10th Cir. 2004)("A substantive competency claim, on the other hand, requires the higher standard of proof of incompetency by a preponderance of the evidence.").  "[D]ue process considerations require suspension of the criminal trial until such time, if any, that the defendant regains the capacity to participate in his defense and understand the proceedings against him." Medina v. California, 505 U.S. at 448 (citing Dusky v. United States, 362 U.S. 402 (1960)).  Because a finding of incompetence is a factual finding by the district court, the Tenth Circuit will review the finding under a clearly erroneous standard.  See United States v. Branham, 97 F.3d 835, 855 (6th Cir. 1996)("Because a district court's determination of competency is a factual finding we apply a clearly erroneous standard of review."); United States v. Raymer, 941 F.2d 1031, 1039 (10th Cir. 1991)("[W]e review a district court's factual findings

under the clearly erroneous standard; our review of the legal principles which guide the district

court is *de novo*.").

## <u>ANALYSIS</u>

Alaniz is competent to stand trial.  The Court has reviewed the Carswell Evaluation, and

determines that Alaniz comprehends the proceedings in this matter and that she is capable of

communicating with her attorney and assisting in her own defense.  "In a competency hearing,

the 'emphasis is on [the defendant's] capacity to consult with counsel and to comprehend the

proceedings.'"  <u>Medina v. California</u>, 505 U.S. at 448 (plurality)(quoting <u>Pate v. Robinson</u>, 383

U.S. 375, 388 (1966)(Harlan, J., dissenting)).  Counsel for both parties stipulated that Alaniz is

competent to stand trial, <u>see</u> Tr. at 2:6-9 (Barth); <u>id.</u> at 2:14-16 (McCue); <u>id.</u> at 17:15-23

(McCue), and the Carswell Evaluation demonstrates that Alaniz understands the nature of the

proceedings against her, and is willing and able to assist in her own defense.  Specifically, the

Carswell Evaluation outlines Alaniz' "competency-related abilities, including her factual and

rational understanding of Courtroom procedures and her ability to communicate with her

attorney":

> Ms. Alaniz displayed good factual knowledge of Courtroom procedures and
> clearly understood the roles of judges, prosecutors, and defense attorneys.  She
> reported the role of the Judge is to "find me guilty or not" and he/she makes this
> decision "by hearing my lawyer, what he has to say."  She stated the role of the
> prosecutor is to "try to find me guilty."  She reported her defense attorney's role is
> "'to protect me and help me get probation" or a lesser sentence.  She stated the
> role of the jury is to "make the decision about guilty or not guilty."  She indicated
> they make their decision by studying evidence, listening to witnesses, and coming
> to an agreement.  Ms. Alaniz also described potential outcomes in a legal case.
> She reported a defendant could choose to plead not guilty which means, "I didn't
> do it," and proceed to trial, or a defendant could plead guilty, which means "I did
> it," and proceed to sentencing or a plea bargain.  She reported a plea bargain is
> "the sentence they want to give me," and if she does not want to take it her lawyer
> will continue to "fight" for her.  She reported a defendant may choose to accept a
> plea bargain, "because they're guilty" and "so this thing can be over."  This writer

provided further information about plea bargains.   Following the explanation Ms. Alaniz reported a defendant may also choose to accept a plea bargain to receive a lesser sentence.   She readily recalled this information in subsequent interviews.

Ms. Alaniz demonstrated an accurate understanding of components of a trial, including witnesses and evidence.   She reported a witness is "somebody that saw something,"  and she indicated both the defense and prosecuting attorney may have witnesses.   She reported that examples of evidence in her case could be "proof of me stealing" or the money that was stolen during the bank robbery.

Ms. Alaniz demonstrated understanding of her own legal case.   She reported she is charged with a felony, which is a more serious crime than a misdemeanor.   More specifically, she stated she is charged with "bank robbing" and "aiding and abetting," and she defined bank robbing as "stealing money." She indicated she may be sentenced to three years in prison, according to the Judge.   At this time, she says she does not want to plead guilty but expressed understanding the evidence against her is likely to result in a guilty finding.   She said the most realistic outcome is she will "probably plead guilty and do [her] time."

Ms. Alaniz demonstrated the ability to assist her attorney with her case. She accurately named her attorney, Mr. McCue, and stated, "I can trust my attorney, because he knows my case."   She reported she would ask her attorney for clarification if she did not understand his advice.   She indicated her expectations for her attorney are to "try to win the case," and she stated, "If he does a good job, then I can get a lesser sentence."   She indicated she can assist her attorney by telling him the truth about what happened regarding her charges. Overall, Ms. Alaniz reported she feels ready to return to court, she has learned more about the legal system, and she can apply it to her case.

Carswell Evaluation at 11-12.  Further, at the hearing, Alaniz testified:

Q.      What are you charged with in this case?

A.      Bank robbery.

Q.      And how much time are you looking at?

A.      I don't know, I probably will plea for 3 or and a half or.

Q.      Okay who am I?

A.      My lawyer.

Q.      And what's my job?

A.      To protect me, to help me.

Q.      Who is this guy over here?

A.      The prosecutor.

Q.      Okay.  How about this fellow up there?

A.      The Judge.

Q.      What does the judge do?

A.      Sentence me.

Q.      Okay.  How about the prosecutor what's his job?

A.      To win.  Trying to help me.  I mean not to help me but try to give me higher sentences probably.

Tr. at 15:2-20 (McCue, Alaniz).  Based on the Carswell Evaluation, Alaniz' testimony, and the parties' stipulations, the Court determines that a preponderance of the evidence establishes that Alaniz has a rational as well as a factual understanding of the charges against her, and can consult with her lawyer with a reasonable degree of rational understanding.

        **IT IS ORDERED** that, pursuant to 18 U.S.C. § 4241(e), the Court finds Defendant Daisy Alaniz competent to stand trial.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Damon P. Martinez
  United States Attorney
Charles Barth
  Assistant United States Attorney
United States Attorney's Office
Albuquerque, New Mexico

       *Attorneys for the Plaintiff*

Stephen P. McCue
  Federal Public Defender
Albuquerque, New Mexico

       *Attorney for the Defendant*